## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNATHAN LEE RICHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-07-1066-F |
| ) | |
| CARRIE UNDERWOOD, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On September 26, 2007, United States Magistrate Judge Doyle W. Argo entered an order directing plaintiff to pay, by October 16, 2007, an initial partial filing fee of $10.94, which represented 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in plaintiff's prison accounts for the six-month period immediately preceding the filing of the complaint. Magistrate Judge Argo advised plaintiff that unless by October 16, 2007, plaintiff had either paid the initial partial filing fee or shown cause in writing for the failure to pay, this action would be subject to dismissal.

To date, plaintiff has neither paid the initial partial filing fee or shown cause in writing for the failure to pay. He has also not requested an extension of time to pay the fee or to show cause in writing for failure to pay. The court therefore concludes that plaintiff's action should be dismissed without prejudice. *See*, LCvR 3.4(a); Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) ("If a prisoner has the means to pay, failure to pay the filing fee required by [28 U.S.C.] § 1915(b) may result in the dismissal of a prisoner's civil action."); *see also*, Kennedy v. Reid, No. 06-1075, 208

Fed. Appx. 678 (10th Cir. Dec. 13, 2006) (finding no abuse of discretion in district court's dismissal without prejudice of 42 U.S.C. § 1983 action due to litigant's failure to timely pay initial filing fee); <u>Campanella v. Utah County Jail</u>, Nos. 02-4183, 02-4215, 02-4235, 78 Fed. Appx. 72, 73 (10th Cir. Oct. 10, 2003) (same).[1]

Accordingly, plaintiff's action is **DISMISSED WITHOUT PREJUDICE** to refiling.

DATED October 24, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1066p001.wpd

---

[1] These unpublished decisions are cited as persuasive authority pursuant to 10th Cir. R. 32.1.